## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JERRY LEE LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-cv-00751 |
| v. | ) | Senior Judge Haynes |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## M E M O R A N D U M

Plaintiff, Jerry Lee Long, filed this action under 42 U.S.C. §§405(g) and 1383(c) against the Defendant, the Commissioner of Social Security, seeking judicial review of the Commissioner's decision denying Plaintiff's applications for disability benefits and supplemental security income ("SSI"). Plaintiff asserts a disability based upon his osteoarthritis, back disorder status-post discectomy, obesity, and bilateral heel contracture. Plaintiff's applications alleges an onset date of June 1, 2011. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), at which Plaintiff proceeded without counsel.

After the hearing, the ALJ denied Plaintiff's application, finding that Plaintiff had "severe impairments" but could perform his past work. The ALJ concluded Plaintiff's residual functional capacity enabled him to lift and carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours total; stand or walk for 4 hours total each; occasionally push/pull with the bilateral lower extremity; never climb ladders, ropes, or scaffolds; occasionally perform all other postural activities; and could not work around hazards such as unprotected heights and moving machinery. (Docket Entry No. 16, Administrative Record, at 13). Based upon this finding, the ALJ concluded that

Plaintiff could perform his past relevant work as a group home supervisor. Id. at 16. The ALJ thus denied Plaintiff's applications.

In his request to the Appeals Council, Plaintiff, who was then represented by counsel, submitted a medical source statement. The Appeals Council could consider this statement as "new evidence," but did not do so because the statement was after the ALJ's decision and did not alter the ALJ's findings that Plaintiff was not disabled as of January 9, 2014. Id. at 2. The Appeals Council denied review. Id. at 1.

Before the Court is the Plaintiff's motion for judgment on the record (Docket Entry No. 20) contending, in sum: (1) that the ALJ failed to obtain a valid waiver of Plaintiff's right to representation; (2) that the ALJ failed to perform her heightened duty to develop a complete record; (3) that the ALJ failed to explain adequately the role of the vocational expert or elicit testimony relevant to Plaintiff's claim; and (4) that the Appeals Council erred in not considering Plaintiff's new evidence in its review.

In response (Docket Entry No. 22), the Commissioner argues that the ALJ repeatedly reviewed with Plaintiff his right to be represented by counsel, but Plaintiff decided to proceed pro se. In the Commissioner's view, the ALJ's heightened duty does not extend to service as an advocate for Plaintiff. Finally, the Commissioner contends the ALJ's decision is supported by substantial evidence and the Appeals Council's decision denying the appeal based upon Plaintiff's new evidence was proper.

## A. Review of the Record

As to Plaintiff's proceeding pro se, the Commissioner notes that prior to the hearing before the ALJ, Plaintiff received written notice of his right to counsel. At the hearing and after

2

introductory remarks, the ALJ examined Plaintiff about retaining counsel:

> So before we go any further I see that you do not have an attorney or a nonattorney here to represent you. Because this is such an important issue and very important for me, I need discuss with you your rights on the record. So, Mr. Long [Plaintiff], you have the right to have an attorney or a nonattorney represent you. This person can obtain medical records on your behalf. This person can explain to you medical terms and can explain to you some of the terms that I use, because I use very complicated terms, that we just use in our agency.

> This person can basically present your case in a light that is most favorable to you. This person can charge you for expenses such as obtaining or copying medical records, but they cannot charge a fee unless I approve it. That means they actually send in their fee agreement to me, I look at it, I make sure it follows our rules and our regulations, and I'll either send it back or I'll grant that fee request.

> And then if they are granted a fee or if I do approve their fee request, the fee is based upon back benefits. If you are not awarded any back benefits, they do not get a fee. If you are awarded back benefits, they are capped at either 25 percent of your back benefits or $6,000, whichever is higher.

> So even if your back benefits were -- and I'm just going to use some unlikely number like $100,000, 25 percent of that would be 25,000, they wouldn't get that, they'd get the $6,000. So I'm just using that as an example to you because I'm not good at math.

> CLMT: Right.

> ALJ: Now, you also have the right today to choose to proceed without an attorney or a nonattorney. But again because this is so important and there's a lot that rides on this, I am taking this time out of your hearing time to explain to you that you have this right. Now, if you want for me to postpone this hearing, I'm going to let you know you're stuck with me. So the next time that I schedule your case you at least would have a familiar face. You and I would see each other, we'll now recognize each other.

> So if that gives you, you know, if that helps with your anxiety level at all, it's not going to be one of our other nine judges that are here in the office. So I would basically just give you a short period of time to see if you could find somebody that you are comfortable representing you.

> CLMT: **I've had to -- I've sold everything I've had to survive**.

3

ALJ: Okay. But have you tried to see if you could find an attorney?

CLMT: **Well, I talked to Social Security, I thought they were going to send me a representative. But I never heard nothing, so**.

ALJ: Okay. Well, we don't get you one on your behalf.

CLMT: **Oh, I didn't know**. I thought –

ALJ: Okay. Yeah, no –

CLMT: **I misunderstood that**.

ALJ: What we can do is we can give you a list of people. Because there are many attorney and nonattorneys that give you free of charge, they will help you free of charge. Like there's the Legal Aid Society, they will help you. They don't charge you anything. Even if you win your case and you get back benefits they will still help you. So it's based on needs base.

So do you want me to give you a little bit of time?

CLMT: Well, I'm here and I need it, and I mean I figure, you know, if it come down to it and I get me a lawyer afterward, maybe -- I hope I don't, I mean I hope I don't have to go through all of that, you know.

ALJ: Right. Okay. Well, here's –

CLMT: I mean if some -- if you turn me down today do I have to start all over again?

ALJ: No, you can appeal my decision if you're turned down today. There's an appeal process beyond that. But you have to have a basis for your appeal. You can always start again also too.

CLMT: **No, I don't want -- that's what I'm saying, I been -- I filed back in 2000 but all this paperwork, it confuses me. And I just put it on hold, and then, as I said, I sold everything just to survive. And that's the way everything is right now. I'm here, you know**.

ALJ: Are you sure you don't want to just postpone this for a month or two to see if you can find somebody? Because there's a lot of technical information. The other thing is it looks like I don't have any updated records. It looks like we tried to contact Meharry, we tried to contact Southern Hills Medical. And we've contacted St. Francis Hospital, and they do not have any records for you.

Id. at 23-27 (emphasis added). The ALJ offered to give Plaintiff a month or two to find an attorney or non attorney representative as well as a list of representatives. Id. at 28-30. The ALJ wanted to "make sure" Plaintiff was comfortable in proceeding pro se, and Plaintiff responded, "I say let's go for it." Id. at 29-30. The ALJ then inquired:

> Are you sure? Now, if at some point during this hearing I look at you and you look like you are that deer in the headlights and you're not understanding what's going on, I'm going to stop and I'm going to ask you if you want me to postpone it at that time.

Id. at 30. Plaintiff again stated his intention to proceed and signed the waiver of counsel form to which the ALJ stated, "I just want to make sure that you understand that's everything I've talked to you about, that you have the right to an attorney or nonattorney." Id. at 31. Plaintiff responded, "Oh, yes, ma'am." Id. The ALJ described Plaintiff's hearing as involving SSI. Id. at 35. During the vocational expert testimony, the ALJ again asked Plaintiff if he wanted to proceed without an attorney. Id. at 53-54.

At the time of the hearing, Plaintiff was 55 years old, an individual of "advanced age." Plaintiff has a high school education. Plaintiff's past relevant work was as a prison guard, carpenter, plumber and a home sitter. Id. at 35-37. Plaintiff worked two years (1984-1986) as a state prison guard, 13 years (1987-2000) as a carpenter and plumber, 6 months (February to August 2009) as a house sitter at a halfway house. Id. at 41, 147. Plaintiff's job as a house sitter was to "make sure they didn't leave the house." Id. at 35. Plaintiff's function report reflects the he "cannot bend, sit or stand for any period of time." (Docket Entry No. 16, Administrative Record, at 139). Plaintiff specifically testified that "pain in back wakes me up after lying 3 or 4 hours." Id. at 140. Plaintiff's "back and feet limit my movement." Id. at 144. Plaintiff's disability is due to his back surgery and lack of heel cords. Id. at 133.

As to his medical history, Plaintiff hurt his back and had back surgery. Id. at 41. Plaintiff

has been prescribed Hydrocodone. Id. at 43. Plaintiff also had prescriptions for muscle relaxers, but

could not afford to pay for them. Id. Every three months or so, Plaintiff's "back will go out and I

mean I can't raise up." Id. Plaintiff takes Ibuprofen, but "[i]t don't never take away the pain." Id.

Plaintiff has a bulging disk and "can't stay on my feet." Id. at 43-44. Plaintiff "fall[s] three times

a day "and his falls are sudden. Id. at 44. Plaintiff cannot stand five minutes before he has to sit.

Id. at 45. Plaintiff has used a cane for two to three years. Id. at 47.

The record reflects Plaintiff's inability to understand or evaluate the vocational expert's

testimony. When asked if he wants to examine the vocational expert with a hypothetical, Plaintiff

responded:

> I don't know what to ask him.
>
> ALJ: Okay.
>
> Plaintiff: I don't know. You know. I don't know what to ask him.

Id. at 53-54. The hearing lasted 36 minutes, including the discussion of the counsel issue. Id. The

ALJ did state that Plaintiff's medical records from Metro General and Meharry would be sought.

## B. Conclusions of Law

Because social security hearings are inquisitorial, not adversarial, the ALJ has a "duty to

investigate the facts and develop the arguments both for and against granting benefits." Sims v.

Apfel, 530 U.S. 103, 111 (2000) (citing Richardson v. Perales, 402 U.S. 389, 400-01 (1971)). By

regulation, the ALJ has the duty to ensure that the administrative record is fully and fairly developed.

See 20 C.F.R. § 404.1512(d). In the Sixth Circuit, "'where the claimant is unrepresented by counsel,

the ALJ has a duty to exercise a heightened level of care and assume a more active role' in the

6

proceedings." Lashley v. Sec'y of Health & Human Servs., 708 F.2d 1048, 1051 (6th Cir. 1983) (quoting Smith v. Harris, 644 F.2d 985, 989 (3d Cir. 1981)).

This heightened duty to develop the record arises "when a claimant is . . . not capable of presenting an effective case, and unfamiliar with hearing procedures[.]" Rise v. Apfel, No. 99-6164, 2000 WL 1562846, at *2 (6th Cir. 2000) (citing Lashley, 708 F.2d at 1051-52). To be sure, since Lashley, the Sixth Circuit clarified that the absence of counsel is not per se error:

> [E]ven though we scrutinize with care the administrative record when a claimant appears without counsel, the mere fact that a claimant was unrepresented is not grounds for reversal. Rather, we examine each case on its own merits to determine whether the ALJ failed to fully develop the record and therefore denied the claimant a full and fair hearing.

Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 856 (6th Cir. 1986) (citation omitted). Thus, "[a]bsent such special circumstances—which do not exist in this case—this court repeatedly affirms that the claimant bears the ultimate burden of proving disability. Though [the plaintiff] chose to proceed without counsel, the hearing transcript discloses her grasp of the proceedings and the adequacy of her case presentation to the ALJ." Wilson v. Comm'r of Soc. Sec., 280 F.App'x 456, 459 (6th Cir. 2008) (citation omitted).

After review, the Court concludes that the record reflects Plaintiff's inability to present proof on his claim and to understand or evaluate the vocational expert's testimony. When asked if he wanted to examine the vocational expert with a hypothetical, Plaintiff responded:

Plaintiff: I don't know what to ask him.

ALJ: Okay.

Plaintiff: I don't know. You know. I don't know what to ask him.

(Docket Entry No. 16, Administrative Record, at 53-54). The hearing lasted 36 minutes, including

the discussion of counsel issue. Id. The ALJ did state that Plaintiff's medical records from Metro General and Meharry would be sought. Yet, those records would be acquired after the hearing when Plaintiff was not present to answer any questions about those records. Prior to the hearing before the ALJ, the agency attempted to secure Plaintiff's medical records from several providers, but did not receive any. Id. at 322, 332. The Commissioner does not dispute that there is not any evidence of an attempt to contact Plaintiff's treating physician after the hearing. With counsel, Plaintiff eventually submitted a Medical Source Statement from his treating physician that the Appeals Council did not consider on the merits.

Upon review of the evidentiary hearing record, the ALJ did not question the Plaintiff on the scope of his duties as a house sitter. Moreover, whether such a job involved lifting and any frequency of such lifting is not reflected in the record. The vocational expert referred to Plaintiff's last job as a group home supervisor. Plaintiff described this job as a house sitter. Plaintiff's description of the duties of this job do not appear to be consistent with any supervisory duties.

The ALJ's affirmative duty under SSR 00-4p is to question the vocational expert, before relying on his testimony, on whether there are any inconsistencies between his testimony and the Dictionary of Occupational Titles ("DOT"). If so, the ALJ must identify and make a reasonable explanation for any conflicts and how he resolved any conflict. The record does not reflect any such discussion.

As to Plaintiff's medical assessment presented to the Appeals Council, under the Act's regulations, "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b). Yet, "where the Appeals Council considers new

evidence but declines to review a claimant's application for disability insurance benefits on the merits," this Court "cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996) (citing Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993)). The Court, however, may "remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." Id. (citing Cotton, 2 F.3d at 696). This remand is a "sentence six remand." Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988).

Upon review of the record, the Court considers a sentence six remand the appropriate remedy here. The Court concludes that Plaintiff lacked the ability to present his claims and to ask relevant questions of the vocational expert, a critical stage of the hearing. The ALJ did assure the development of a complete record. The vocational expert described Plaintiff's prior work as a "group home supervisor" that appears inconsistent with Plaintiff's abbreviated statement of his job as a house sitter. The hearing record does not leave the Court with any confidence in the reliability of the ALJ's findings.

Accordingly, Plaintiff's motion for judgment on the record (Docket Entry No. 20) should be denied as moot and this action remanded for further proceedings before the ALJ on Plaintiff's applications.

An appropriate Order is filed herewith.

**ENTERED** this the 29 day of September, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge